UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| HOTARD COACHES, INC., AND | * | CIVIL ACTION NO. |
| NEW HAMPSHIRE INSURANCE | * | 3:11-cv-00488-BAJ-CN |
| COMPANY | * | |
| | * | |
| VERSUS | * | JUDGE: BRIAN A. JACKSON |
| | * | |
| CATERPILLAR, INC. MOTOR COACH | * | MAGISTRATE JUDGE: |
| INDUSTRIES, AND THOMPSON | * | DOCIA L. DALBY |
| TRACTOR COMPANY, INC. | * | |

**Motor Coach Industries, Inc.'s Memorandum in Opposition to
Plaintiffs' Cross Motion for Summary Judgment**

Plaintiffs' cross motion is moot because they have not asserted a claim for breach of express warranty against Motor Coach Industries, Inc. ("MCI"). Moreover, Plaintiffs have no evidence that Defendant Thompson Tractor Co. ("Thompson") was acting as MCI's agent when Thompson serviced the motor coach before the fire, and no evidence that MCI supplied the motor coach with defective wiring. Accordingly, there are genuine issues of material fact concerning Plaintiffs' theoretical breach of express warranty claim against MCI, and Plaintiffs are not entitled to judgment as a matter of law.

**Background[1]**

Plaintiffs allege that on July 8, 2010, one day after service by Thompson, their motor coach was damaged when a fire started in its rear engine compartment.[2] In their Cross Motion for Summary Judgment, Plaintiffs assert that the fire damage to the motor coach resulted either from Thompson's negligent service/repairs involving the engine and fuel system, or due to

---

[1] For a detailed recitation of the factual background, *see* Motor Coach Industries, Inc.'s Memorandum in Support of Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. 24-1) at 1-2.
[2] *See* Pet. for Damages and Req. for Notice (Doc. 1-2) at 2 ¶¶ 8-9, 3 ¶ 10.

allegedly defective engine compartment wiring that MCI installed during its manufacture and assembly of the motor coach.[3] They claim MCI is liable for breach of its express warranty because it has not repaired or replaced the motor coach after the fire.

### Argument and Authorities

Plaintiffs have asserted claims against MCI under theories of products liability, breach of warranty of fitness for a particular purpose, and redhibition.[4] Plaintiffs have not asserted a claim against MCI for breach of express warranty. Accordingly, the Court can deny Plaintiffs' cross motion as moot.

Moreover, Plaintiffs have no evidence that Thompson was acting as MCI's agent when Thompson serviced the motor coach's engine and fuel system one day before the fire, and no evidence that MCI supplied the motor coach with defective wiring in the engine compartment. Thus, at the least, there are disputed issues of material fact concerning Plaintiffs' theoretical breach of express warranty claim.

Accordingly, Plaintiffs are not entitled to judgment as a matter of law on their claims against MCI.

**A. Plaintiffs Have No Evidence That Thompson Was Acting As MCI's Agent**

Plaintiffs contend that "[f]acilities such as Thompson's Spanish Fort facility essentially service [sic] as MCI's local repair shops for customers."[5] Plaintiffs have no evidence to support that contention. There is no evidence that Thompson had any contractual relationship or arrangements with MCI to act as MCI's repair facility, as MCI's agent, or in any other capacity

---

[3] *See* Plaintiffs' Cross Motion for Summary Judgment (Doc. 66) at 2-3.
[4] *See* Pet. for Damages and Req. for Notice (Doc. 1-2) at 4 ¶ 15; Pl.'s First Supplemental and Am. Pet. (Doc. 16) at 2 ¶ 15.
[5] Plaintiffs' Cross Motion for Summary Judgment (Doc. 66) at 2.

for MCI. Nor is there any evidence that Thompson was acting under MCI's direction or control when it serviced the CAT engine and fuel system on the motor coach one day before the incident. Accordingly, this is a disputed fact issue.

Plaintiffs explicitly concede they have no such evidence: "Hotard is not privy to any agreement that may exist between MCI and Thompson for work during [the] warranty period."[6] Moreover, as Plaintiffs point out, "Thompson is authorized by Caterpillar to service its equipment. Thompson holds itself out as 'Thompson/CAT.'"[7] Thus, contrary to Plaintiffs' assertions, the undisputed evidence does not establish that Thompson was acting as MCI's agent, either as a local repair facility or in any other capacity.

Plaintiffs appear to argue that Thompson was acting as an implied agent for MCI because (1) MCI sold the motor coach with an express warranty; (2) MCI equipped the motor coach with a Caterpillar engine; (3) and Thompson is the local Caterpillar engine repair facility. Their tortured logic has no evidentiary foundation. The undisputed evidence establishes that MCI sold the motor coach to Hotard with a limited (repair-or-replace-only) warranty, specifically excluded the engine from the coverage of MCI's warranty, and excluded every other warranty, remedy or cause of action with respect to the motor coach, including any causes of action based upon strict liability or warranty, and expressly disclaimed any implied warranties.[8] The MCI limited warranty, included in the purchase agreement for the subject motor coach, specifically excluded liability or coverage for certain items, including the Caterpillar engine: under the "ADDITIONAL EXCLUSIONS/LIMITATIONS OF COVERAGE" provisions, the engine was

---

[6] *Id.* at 6.
[7] *Id.* at 2.
[8] *See* Motor Coach Industries, Inc.'s Memorandum in Support of Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, Exhibit "1" (Doc. 24-2) at 3-5 ¶¶ 12-14.

"Covered only by engine supplier[:] 24 months".[9] Furthermore, the purchase agreement's "Coach Specification" section described Caterpillar Product Services Corporation's warranty coverage for the engine. Accordingly, there is a disputed fact issue concerning Plaintiffs' implied-agency theory of liability.

**B.   Plaintiffs Have No Evidence MCI Supplied the Motor Coach With Defective Wiring**

Plaintiffs concede that experts for Caterpillar and MCI, as well Plaintiffs' own experts, have opined that the fire resulted from loose fuel lines in the engine compartment, and not from MCI's wiring harness; and that Hotard has offered contrary expert opinions.[10] Thus, this a disputed issue of fact.

## Conclusion

Plaintiffs' Cross Motion for Summary Judgment is moot because they have not asserted a claim for breach of express warranty against Motor Coach Industries, Inc.

Moreover, Plaintiffs have no evidence that Defendant Thompson Tractor Co. was acting as MCI's agent when Thompson serviced the motor coach before the fire, and no evidence that MCI supplied the motor coach with defective wiring. Accordingly, there are genuine issues of material fact concerning Plaintiffs' theoretical breach of express warranty claim against MCI, and Plaintiffs are not entitled to judgment as a matter of law.

WHEREFORE, the premises considered, **MOTOR COACH INDUSTRIES, INC.** prays that the Court enter an Order:

(1)   denying Plaintiffs' Cross Motion for Summary Judgment;
(2)   dismissing the First Supplemental and Amended Petition with prejudice;
(3)   awarding Motor Coach Industries, Inc. its costs, disbursements and reasonable attorneys' fees in connection with its defense in this matter; and

---

[9] *See id.* at 6.
[10] *See* Plaintiffs' Cross Motion for Summary Judgment (Doc. 66) at 5.

(4) granting Motor Coach Industries, Inc. such other relief as this Court deems just and proper, and for all general and equitable relief and for all such relief as is reasonable on the premises.

Respectfully submitted,

**PREIS & ROY**
(A Professional Law Corporation)

*/s/ Matthew S. Green*
**EDWIN G. PREIS, JR. (#10703)**
**MATTHEW S. GREEN (#32148)**
**Preis & Roy**
102 Versailles Blvd., Suite 400
Post Office Drawer 94-C
Lafayette, Louisiana 70509
Telephone: (337) 237-6062
Facsimile: (337) 237-9129
Email: EPreis@preisroy.com
Email: MGreen@preisroy.com
**Counsel for Defendant**
**MOTOR COACH INDUSTRIES, INC.**

**OF COUNSEL:**
Darrell L. Barger
John C. Dacus
Pryce G. Tucker
**Hartline Dacus Barger Dreyer LLP**
6688 N. Central Expressway, Suite 1000
Dallas, Texas 75206
Telephone: (214) 369-2100
Email: dbarger@hdbdlaw.com
Email: jdacus@hdbdlaw.com
Email: ptucker@hdbdlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of January 2013, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system and all counsel of record have been provided a copy of same by operation of the Court's electronic filing system.

*/s/ Matthew S. Green*

**Motor Coach Industries, Inc.'s Memorandum in Opposition to**
**Plaintiffs' Cross Motion for Summary Judgment** Page **5** of **5**