UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| HOTARD COACHES, INC., AND | * | CIVIL ACTION NO. |
| NEW HAMPSHIRE INSURANCE | * | 3:11-cv-00488-BAJ-CN |
| COMPANY | * | |
| | * | |
| VERSUS | * | JUDGE: BRIAN A. JACKSON |
| | * | |
| CATERPILLAR, INC. MOTOR COACH | * | MAGISTRATE JUDGE: |
| INDUSTRIES, AND THOMPSON | * | UNASSIGNED |
| TRACTOR COMPANY, INC. | * | |
| | * | |

**Motor Coach Industries, Inc.'s Memorandum in Opposition to
Plaintiffs' Motion for Schedule[ing] Order Modification and
Leave to File Plaintiffs' Second Supplemental and Amended Complaint**

Plaintiffs have two main arguments for their request for leave to amend their pleadings: (1) Amending their pleadings would clear up "misperceptions" regarding their purported claim for breach of express warranty (i.e., breach of contract) against Motor Coach Industries, Inc. (MCI). (2) It wasn't possible for them to know of the existence of these claims until recently.

Plaintiffs' Second Amended Complaint asserts claims against MCI for breach of <u>implied</u> warranties, not breach of express warranty/contract; nor do their pleadings assert anything remotely resembling a claim for contract rescission/reformation. This case was removed to this court nineteen months ago. Plaintiffs knew or should have known of their potential claims for breach of contract and/or contract rescission/reformation long ago. Granting Plaintiffs leave to amend to add these claims at this late date would be unduly prejudicial to MCI. Accordingly, the Court should deny Plaintiffs' motion in its entirety.

**Argument**

Plaintiffs claim that their proposed amended pleading merely "provides needed amplification of Plaintiffs' claims and available remedies" for "recovery under all possible warranty, contract and tort theories", as if they had previously asserted claims for breach of contract and/or contract rescission/reformation.[1] They assert that "[a]n abundance of caution, and the more recent apprehension that facts relevant to the Plaintiffs and MCI's claims and defenses are only now ripening, motivate this effort to put a finer point on Plaintiffs' pleadings."[2]

Plaintiffs claim MCI's Rule 56 motion first provided them with notice of MCI's contract-based defenses. But MCI's defenses were clear from the Rule 12(b)(6) motion it first filed nearly sixteen months ago, well before the pleadings deadline. That motion contained the same basic arguments as MCI's pending motion for summary judgment.[3] Any delay in amending their pleadings is solely Plaintiffs' fault. They missed the deadline by almost a year, and now, with only two months of discovery remaining, they seek to turn back the clock. Plaintiffs do not have good cause for their request to amend their Complaint a second time.

**1.    Plaintiffs' Original Petition Did Not Assert a Claim For Breach of Contract.**

Plaintiffs' Original (state court) Petition did not assert a claim against MCI for breach of express warranty (i.e., breach of contract). Rather, it asserted a claim that "Defendant, MCI, breached its warranty that said Motor Coach was **fit and proper for its intended use**, and could

---

[1] Plaintiffs' Memorandum in Support of Motion For Schedule Order Modification and Leave to File Plaintiffs' Second Supplemental and Amending Complaint (Doc 72-1) at 1, 4.
[2] *Id.* at 9.
[3] *Compare* Motor Coach Industries' Memorandum in Support of Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted (Doc. 24-1) *with* Motor Coach Industries, Inc.'s Memorandum in Support of Motion for Summary Judgment (Doc. 62-2).

be used without fear of fire and danger to life and/or property."[4] This is clearly a claim for breach of an implied warranty of fitness, which is not the same as a claim for breach of contract and/or breach of express warranty. *See Collins Co. v. Carboline Co., Ltd.*, 532 N.E.2d 834, 838 (Ill. 1988) ("It is clear that in its contractual nature an express warranty differs materially from an implied warranty."). Likewise, the language, "fear of fire and danger to life and/or property" does not constitute a claim for breach of express warranty. Nor did Plaintiffs assert a claim for breach of express warranty in their First Supplemental and Amended Petition. Instead, they asserted a claim for breach of the implied warranty against redhibitory defects.[5]

There are no misperceptions here. Plaintiffs' original and first amended pleadings asserted claims for breach of an implied warranty of fitness and breach of the implied warranty against redhibitory defects. Plaintiffs' pleadings did not assert anything resembling a claim for breach of express warranty/contract, nor a claim for contract rescission/reformation.

**2.    Plaintiffs Lack Good Cause to Modify the Scheduling Order**

Because the Scheduling Order's amended pleadings deadline has passed, Plaintiffs must first show good cause for modifying the Scheduling Order before the Court can consider their request for leave to amend their pleadings. *See S&W Enters., L.L.C. v. South Trust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003); Fed. R. Civ. P. 16(b). Under Rule 16(b), the Court evaluates whether Plaintiffs have good cause by weighing "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice

---

[4] Plaintiffs' Petition for Damages and Request for Notice (Doc. 1-2) at 4, para. 15(E) (emphasis added).
[5] Plaintiff's First Supplemental and Amended Petition (Doc. 16) at 2, para. 15(H). *See Datamatic v. International Business Machines Corp.*, 795 F.2d 458, 461 (5th Cir. 1986) (implied warranty against redhibitory vices arises out of sales contract); La. Civ. Code art. 2520 ("Warranty against redhibitory defects").

in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *Id.* at 536.

First, Plaintiffs appear to believe that a defendant has a duty to advise the plaintiff of alternative potential claims the plaintiff may be able to assert against that defendant. MCI isn't aware of any authority for such a proposition. Moreover, Plaintiffs have known of the existence of a potential claim for breach of contract and/or contract rescission/reformation since at least October 24, 2011, when MCI filed its original Motion to Dismiss.[6] In that motion, MCI argued, in part, that "Plaintiffs' warranty and redhibition claims are barred by **contractual** waivers of warranties."[7] MCI's memorandum in support discussed the applicable Agreement to Purchase ("Contract") at length.[8] The Contract was the only exhibit to MCI's motion.[9]

The Court's denial of MCI's Motion to Dismiss—to allow Plaintiffs an opportunity for discovery and not as an adjudication of the merits of the motion—does not excuse Plaintiffs' lack of diligence.[10] Nor did that ruling somehow erase MCI's arguments from Plaintiffs' consciousness. MCI's pending Motion for Summary Judgment mirrors its October 2011 Motion to Dismiss, makes the same arguments, and involves the same issues.[11] Plaintiffs read and responded to each. Plaintiffs had ample notice of MCI's position and failed to take timely action. Thus, the first factor weighs heavily against a showing of good cause.

---

[6] *See* Motor Coach Industries' Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted (Doc. 24).
[7] *Id.* at 1 (emphasis added).
[8] *See* Motor Coach Industries, Inc.'s Memorandum In Support of Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. 24-1) at 1-4, 9-10, 14-16.
[9] *See* Exhibit "1" to Motor Coach Industries' Motion to Dismiss For Failure to State a Claim Upon Which Relief Can Be Granted (Doc. 24-2).
[10] *See* Order (Doc. 36) at 2.
[11] *Compare* Defendant Motor Coach Industries' Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted (Doc. 24) *with* Motor Coach Industries, Inc.'s Motion for Summary Judgment (Doc. 62).

As for the alleged importance of the proposed amendments, the clear language of the contract's limited express warranty bars all consequential damages. Thus, if the Court granted Plaintiffs leave to amend their pleadings to assert a claim for breach of express warranty, they would only have a minor claim for the cost of the actually (allegedly) defective part.[12] Because the terms of the express warranty provisions of the contract do not provide for recovery of the cost to replace the entire bus, the proposed claim for breach of contract is minor. Accordingly, the second factor weighs against a showing of good cause.

Third, Plaintiffs seek to add new causes of action that would wholly rescind—or judicially re-write—the contract forming the basis of the relationship between MCI and Hotard, after more than nineteen months of litigation, and only two months remaining in the discovery period. They would turn back the clock and restart the case from the beginning, forcing MCI to expend even more time and expense. This would dramatically alter the nature of this action, would require fact and expert discovery into unexplored areas, and would thus unduly prejudice MCI. This factor also weighs against a showing of good cause.

Plaintiffs cannot show good cause for modifying the Scheduling Order. Accordingly, the Court should deny Plaintiffs' motion for leave to amend their pleadings at this late date.

### 3. Plaintiffs' Claims Are Not New and Should Have Been Brought Far Earlier.

Although Fed. R. Civ. P. 15 tends to favor amendments to pleadings, the Fifth Circuit has held that amendments can be denied for reasons such as "undue delay," "bad faith . . . , repeated

---

[12] *See* Motor Coach Industries, Inc.'s Memorandum in Support of Motion for Summary Judgment (Doc. 62-2) at 3, 6. Should Plaintiffs contend that one or more components of the Caterpillar engine caused the fire and their alleged damages, the terms of MCI's limited express warranty would exclude such a claim, as MCI's express warranty specifically excluded any coverage for the engine. *See* Exhibit "1" to Motor Coach Industries' Motion to Dismiss For Failure to State a Claim Upon Which Relief Can Be Granted (Doc. 24-2) at 4, 6.

failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003). "[L]eave to amend under Rule 15 is by no means automatic." *Id.* An amendment can be denied because "claims are not new and should have been brought far earlier than now." *See Mayeaux v. Louisiana Health Serv. & Indem. Co.,* 376 F.3d 420, 426-27 (5th Cir. 2004) (quoting reasons for denial by district court).

Plaintiffs knew of any claims for breach of express warranty/contract, and for contract rescission/reformation, when they filed their initial action in state court. All of the facts giving rise to such claims existed—and were within Plaintiffs' knowledge—before they filed suit.[13] They also knew of the potential for such claims when they previously sought and received leave to amend, amended their complaint, and added a redhibition claim. They also knew the specifics of MCI's contract-based defense no later than October 2011, when MCI filed its original Motion to Dismiss.

Indeed, Plaintiffs argued that MCI breached the Contract in their opposition to MCI's original Motion to Dismiss.[14] In the "Conclusion" section of their opposition, Plaintiffs also purported to seek leave to amend to add a claim for breach of contract.[15] Although MCI did not believe that request constituted a formal motion for leave to amend, to be safe, on December 5, 2011, MCI filed a separate response opposing the requested relief.[16] MCI's arguments were valid then, and are even more so today, more than a year later.

---

[13] *See id.*
[14] *See* Plaintiff's Memorandum in Opposition to Motor Coach Industries' Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted (Doc. 28) at 13, para. V.
[15] *See id.* at 13.
[16] *See* Motor Coach Industries, Inc.'s Response In Opposition to Plaintiffs' Request For Leave to Amend (Doc. 29).

**Memorandum in Opposition to Plaintiffs' Motion for Schedule[ing] Order Modification
and Leave to File Plaintiffs' Second Supplemental and Amending Complaint** Page **6** of **8**

Plaintiffs knew they could assert these claims, but failed to pursue them through a timely motion for leave to amend. Given Plaintiffs' undue delay, the Court should deny Plaintiffs' last-minute motion for leave to amend.

Furthermore, Plaintiffs' proposed claims will revolve around a different set of factual questions than those underlying this case; e.g., whether Hotard gave proper notice of the alleged breach of express warranty to MCI; how MCI responded to such notice, if any; and whether the warranty was breached. Thus these claims—while tangentially related to the fire—don't belong in this lawsuit, which will focus upon the cause of the fire and the extent, if any, to which it caused Plaintiffs' alleged damages. Plaintiffs' late amendment would totally reshape this action and prejudice MCI.

## Conclusion

Plaintiffs shouldn't get another chance to amend their pleadings to add claims that they could have, and should have, asserted long ago. Accordingly, the Court should deny Plaintiffs' request to modify the Scheduling Order, and deny Plaintiffs' motion for leave to file a Second Supplemental and Amended Complaint.

WHEREFORE, the premises considered, **MOTOR COACH INDUSTRIES, INC.** prays that its Memorandum in Opposition to Plaintiffs' Motion for Schedule[ing] Order Modification and Leave to File Plaintiffs' Second Supplemental and Amending Complaint be deemed good and sufficient, and for Judgment herein in favor of this Defendant against Plaintiffs:

(1) denying Plaintiffs Hotard Coaches, Inc. and New Hampshire Insurance Company leave to modify the Scheduling Order; and

(2) denying Plaintiffs Hotard Coaches, Inc. and New Hampshire Insurance Company leave to file their proposed Second Supplemental and Amended Complaint.

Respectfully submitted,

**PREIS & ROY**
(A Professional Law Corporation)

/s/ *Matthew S. Green*
**EDWIN G. PREIS, JR. (#10703)**
**MATTHEW S. GREEN (#32148)**
**Preis & Roy**
102 Versailles Blvd., Suite 400
Post Office Drawer 94-C
Lafayette, Louisiana 70509
Telephone: (337) 237-6062
Facsimile: (337) 237-9129
Email: EPreis@preisroy.com
Email: MGreen@preisroy.com
**Counsel for Defendant**
**MOTOR COACH INDUSTRIES, INC.**

**OF COUNSEL:**
Darrell L. Barger
John C. Dacus
Pryce G. Tucker
**Hartline Dacus Barger Dreyer LLP**
6688 N. Central Expressway, Suite 1000
Dallas, Texas 75206
Telephone: (214) 369-2100
Email: dbarger@hdbdlaw.com
Email: jdacus@hdbdlaw.com
Email: ptucker@hdbdlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of February 2013, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system and all counsel of record have been provided a copy of same by operation of the Court's electronic filing system.

/s/ *Matthew S. Green*

**Memorandum in Opposition to Plaintiffs' Motion for Schedule[ing] Order Modification
and Leave to File Plaintiffs' Second Supplemental and Amending Complaint**  Page **8** of **8**