UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| HOTARD COACHES, INC., AND | * | CIVIL ACTION NO. |
| NEW HAMPSHIRE INSURANCE | * | 3:11-cv-00488-BAJ-CN |
| COMPANY | * | |
| | * | |
| VERSUS | * | JUDGE: BRIAN A. JACKSON |
| | * | |
| CATERPILLAR, INC. MOTOR COACH | * | MAGISTRATE JUDGE: |
| INDUSTRIES, AND THOMPSON | * | DOCIA L. DALBY |
| TRACTOR COMPANY, INC. | * | |
| | * | |

### Motor Coach Industries, Inc.'s Reply in Support of Motion for Summary Judgment

Plaintiffs have not identified a genuine issue of material fact that would preclude summary judgment for Motor Coach Industries ("MCI"). Nor do they have any persuasive arguments against enforcement of their contractual agreement to waive all implied warranties, and all rights to recovery for redhibition and/or consequential and general damages, arising from the purchase of the subject motor coach. Accordingly, there is no genuine dispute as to any material fact, and MCI is entitled to judgment as a matter of law.

### Argument and Authorities

**A.     Plaintiffs have no evidence that a material fact precludes summary judgment.**

Plaintiffs argue that summary judgment should not be granted because they "dispute" that the Contract excludes Plaintiffs' remedies and that Illinois law applies.[1] There's no dispute that the Contract (attached to MCI's Motion for Summary Judgment) is the applicable contract.[2] Plaintiffs' (and MCI's) opinions regarding the terms of the contract are irrelevant to summary judgment. Under Louisiana law, contract interpretation is a matter of law for the Court, and the

---

[1] *See* Plaintiffs' Memorandum in Opposition to Defendant Motor Coach Industries, Inc.'s Motion for Summary Judgment ("Plaintiff's Opposition) (Doc. 65) at 6.
[2] *See id.*

Court must enforce a contract as written when its terms are clear and unambiguous. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206-07 (5th Circuit 2007). The Court can review the undisputedly applicable Contract, and determine—as a matter of law—whether the agreed upon terms bar Plaintiffs' claims.

Plaintiffs also argue that "discovery needs to be more complete to fully analyze MCI's argument." The parties and the Court have already been down this road. The Court denied MCI's Motion to Dismiss so that Plaintiffs could conduct "sufficient" discovery to "adequately" address MCI's motion.[3] The Court expressly noted that the ruling was without prejudice to MCI's right to re-file its dispositive motion.[4] Plaintiffs have had plenty of time to discover evidence to create a genuine issue of material fact. They have no evidence that the contract is invalid or was modified by the terms of a subsequent agreement. MCI's motion is ripe for ruling.

**B.   There is clear precedent for the Court to enforce the parties' contractual choice-of-law agreement in deciding MCI's Motion for Summary Judgment.**

Plaintiffs argue that choice-of-law issues are beyond the scope of motions for summary judgment.[5] To the contrary, a federal court may consider and decide choice-of-law issues when determining a dispositive motion. *See in re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007); *Haynsworth v. The Corp.*, 121 F.3d 956, 958-62, 970 (5th Cir. 1997). Specifically, federal courts may interpret and follow contractual choice-of-law provisions when deciding dispositive motions. *See Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285,

---

[3] Ruling (Doc. 36) at 2.
[4] *Id.*
[5] *See id.* at 7. Plaintiffs cite a Louisiana state court decision for the apparent proposition that this choice-of-law decision would be a substantive issue under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), and thus controlled by Louisiana law. This is a procedural issue, as MCI's motion will be decided under Fed. R. Civ. P. 12. *See Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 n.7 (1996).

1287-90 (11th Cir. 1998); *Haynsworth*, 121 F.3d at 958-62, 970; *Tel-Phonic Servs., Inc. v. TBS Intern., Inc.*, 975 F.2d 1134, 1137-38, 1141-42 (5th Cir. 1992).

C. **Hotard's contractual agreement to apply Illinois law is valid and enforceable; Plaintiffs haven't met their burden to prove a violation of Louisiana's public policy, which requires more than merely a different result than what Louisiana law would provide.**

Under Louisiana law, where contracting parties stipulate the state law governing the contract, Louisiana conflict-of-laws principles "require that the stipulation be given effect, unless there is statutory or jurisprudential law to the contrary or strong public policy considerations justifying the refusal to honor the contract as written." *Delhomme Indus., Inc. v. Houston Beechcraft*, 669 F.2d 1049, 1058 (5th Cir. 1982) (upholding choice-of-law provision in case involving allegedly defective product in Louisiana sold between business enterprises) (quoting from *Associated Press v. Toledo Invs., Inc.*, 389 So. 2d 752, 754 (La. Ct. App. 1980)). A choice-of-law provision in a contract is presumed valid until proven invalid, and the party seeking to prove such a provision invalid because it violates public policy bears the burden of proof. *See id.*[6] Courts are reluctant to declare such provisions void as against public policy. *See id.* Courts will do so only if there is "an express legislative or constitutional prohibition or a clear showing that the purpose of the contract contravenes good morals or public interest." *Id.* (quoting from *Meinerz v. Treybig*, 245 So.2d 557, 559 (La.App.), *writ denied*, 258 La. 580, 247 So.2d 395 (1971)). Moreover, "a court will be more likely to uphold the provisions of a contract made in a business transaction than the terms impressed by adhesion on an unknowledgeable consumer. ('The more commercial the context of the transaction ... the greater the need for validation and the stronger the presumption of validity.')." *Id.* at 1059 (internal citations omitted).

---

[6] Citing *Wilson v. Sawyer*, 106 So. 2d 831, 833 (La. Ct. App. 1958); *J. Perez, S.A. v. Louisiana Rice Growers, Inc.*, 139 So. 2d 247, 253 (La. Ct. App. 1962)); *see also, e.g., Cont'l Eagle Corp. v. Tanner & Co. Ginning*, 663 So. 2d 204, 206 (La. Ct. App. 1995) (same).

Plaintiffs contend that the Illinois choice-of-law provision that Hotard—a sophisticated business entity—freely agreed to would impair Louisiana law and policies, in that it would preclude their recovery under any theory of liability. However, they appear to focus solely on the product liability theory.[7] They repeatedly invoke concepts of "safety", "danger", and "risk"[8] in an attempt to suggest that a strong public policy consideration is at stake; i.e., Louisiana's interest in protecting its citizens from allegedly defective and unreasonably dangerous products. But those concepts have no relevance in this case, which involves a corporation (and its insurance company) seeking recovery for pure economic loss, rather than a consumer seeking personal injury damages in a products liability action.

As the Fifth Circuit Court of Appeals observed in *Cherokee Pump & Equip. Inc. v. Aurora Pump*, just because Louisiana might reach a different result on the right to recover for pure economic loss doesn't mean that the application of Illinois law would violate Louisiana public policy:

> The law of a state and its public policy are not necessarily synonymous. Not every law enacted by the legislature embodies the "public policy" of the state. As the official comments to Article 3540 note, "only strongly held beliefs of a particular state qualify for the characterization of "public policy."
>
> \* \* \*
>
> If every Louisiana statute were deemed to constitute public policy, the exception in Article 3540 to the general rule of party autonomy in choice-of-laws determinations would be wholly consuming and would strip the general rule in the article of all its meaning. The result would be that parties would have the right to choose the application of another state's law only when that state's law is identical to Louisiana's. Such an approach would be ridiculous.[9]

---

[7] *See* Plaintiffs' Opposition at 8-11.
[8] *See id*.
[9] 38 F.3d 246, 252 (5th Cir. 1994) (citing Comment (f) to La. Civ. C. art. 3540).

Assuming *arguendo* that Louisiana has the most significant relationship under La. Civ. Code Ann. art. 3537, Plaintiffs haven't met their burden of showing that enforcement of the parties' choice-of-law agreement would result in a violation of Louisiana's strongly held beliefs, as embodied in Louisiana law. To the contrary, the Fifth Circuit has upheld a choice-of-law provision in a case involving an allegedly defective product in Louisiana sold between business enterprises. *See Delhomme,* 669 F.2d at 1052, 1055-56.

The parties' contractual choice-of-law agreement calls for the application of Illinois law to all disputes between MCI and Plaintiffs. Illinois law mandates dismissal of Plaintiffs' claims. Thus, MCI is entitled to judgment as a matter of law on all of Plaintiffs' claims against it.

**D.     Under Louisiana law, both the economic loss rule and the parties' agreement bar Plaintiffs' recovery of the economic damages they seek.**

Plaintiffs assert that the economic loss rule does not apply in Louisiana. The Fifth Circuit has specifically used the economic loss rule—when applying Louisiana law—to bar tort claims falling within the rule's reach. *See Wiltz v. Bayer Cropscience, L.P.*, 645 F.3d 690, 699-703 (5th Cir. 2011); *see also PPG Indus., Inc. v. Bean Dredging*, 447 So.2d 1058 (La.1984). The Louisiana Supreme Court's adoption of a "slightly modified version of the economic-loss rule" in *PPG*[10] indicates that it would not be averse to adopting the economic-loss rule in a breach of contract case like this one.

Plaintiff Hotard agreed to exclude and forgo the sort of economic damages Plaintiffs now seek. Hotard agreed not to seek general, special, direct, indirect, incidental, punitive and/or consequential damages of any kind.[11] MCI and Hotard, as sophisticated business entities, allocated the risks between themselves in their contract, as reflected in the purchase price of the

---

[10] *Wiltz,* 645 F.3d at 697.
[11] *See* Motor Coach Industries, Inc.'s Motion for Summary Judgment (Doc. 62) at 11-14.

coach. Hotard—and, consequently, its insurer—assumed responsibility for direct and consequential damages. Yet Plaintiffs now seek to renege, demanding monetary damages for the damage to the motor coach and for their consequential payments to passengers (presumably undertaken voluntarily, and without admitting liability).[12] They offer no reason why the Court should excuse them from their contractual obligations and allow them to avoid their bargained-for allocation of risk.

## Conclusion

Plaintiffs' claims against Motor Coach Industries, Inc. are barred by (1) a contractual warranty exclusion and (2) the well-established rule barring recovery in tort for pure economic losses, which they contractually agreed to. Thus, summary judgment in MCI's favor is appropriate under Illinois law, or in the alternative, under Louisiana law. Accordingly, the Court should grant MCI's motion for summary judgment on all of Plaintiffs' claims against it.

WHEREFORE, the premises considered, **MOTOR COACH INDUSTRIES, INC.** prays for Judgment herein in favor of this Defendant against Plaintiffs:

(1) dismissing the First Supplemental and Amended Petition with prejudice;
(2) awarding Motor Coach Industries, Inc. its costs, disbursements and reasonable attorneys' fees in connection with its defense in this matter; and
(3) granting Motor Coach Industries, Inc. such other relief as this Court deems just and proper, and for all general and equitable relief and for all such relief as is reasonable on the premises.

---

[12] *See* Plaintiffs' Petition for Damages (Doc. 1-2) at 5 ¶ 17.

Respectfully submitted,

**PREIS & ROY**
(A Professional Law Corporation)

*/s/ Matthew S. Green*
**EDWIN G. PREIS, JR. (#10703)**
**MATTHEW S. GREEN (#32148)**
**Preis & Roy**
102 Versailles Blvd., Suite 400
Post Office Drawer 94-C
Lafayette, Louisiana 70509
Telephone: (337) 237-6062
Facsimile: (337) 237-9129
Email: EPreis@preisroy.com
Email: MGreen@preisroy.com
**Counsel for Defendant**
**MOTOR COACH INDUSTRIES, INC.**

**OF COUNSEL:**
Darrell L. Barger
John C. Dacus
Pryce G. Tucker
**Hartline Dacus Barger Dreyer LLP**
6688 N. Central Expressway, Suite 1000
Dallas, Texas 75206
Telephone: (214) 369-2100
Email: dbarger@hdbdlaw.com
Email: jdacus@hdbdlaw.com
Email: ptucker@hdbdlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of January 2013, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system and all counsel of record have been provided a copy of same by operation of the Court's electronic filing system.

*/s/ Matthew S. Green*